(C.D. 3031)

CONSOLIDATED INTERNATIONAL EQUIPMENT & SUPPLY Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 12, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Carl Eardley,* Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The suits listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked RD, JE (Comm. Spec's initials) by Commodity Specialist R. K. Dewing, Jr., J. Eardley (Comm. Spec's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and assessed with duty at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified, consist of paper cutters and parts, dedicated for use therewith, similar in all material respects to the merchandise the subject of *Consolidated International Equipment & Supply Co.* v. *United States,* C.D. 2671, wherein the Court held that the paper cutters and the motors for said paper cutters were separate entities rather than an entirety.

That the appraisement of the contested paper cutters was predicated on the basis that the paper cutters and their motors constituted an entirety, no separate value for each of said items have been returned by the appraiser.

That the record in C.D. 2671 be incorporated and made a part of the record in the protests enumerated on the schedule attached hereto and made a part hereof, and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Accepting the foregoing stipulation of facts and following the authority cited, *Consolidated International Equipment & Supply Co. v. United States*, 56 Cust. Ct. 442, C.D. 2671, we find and hold the involved paper cutters and motors to be separate entities rather than entireties.

Accordingly, said protests filed against such void liquidation are premature, and the involved protests are hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determinaation of the separate value of the paper cutters and motors in the manner provided by law (28 U.S.C. § 2636(d)). As to all other items the protests having been abandoned are dismissed.

Judgment will be entered accordingly.